**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION**

| | | |
|---|---|---|
| Edmund Goins, | ) | |
| | ) | |
| Petitioner, | ) | Civil Action No.: 5:12-cv-00267-JMC |
| | ) | |
| v. | ) | **OPINION AND ORDER** |
| | ) | |
| Warden, Perry Correctional Institution, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

This matter is now before the court for review of the Magistrate Judge's Report and Recommendation ("Report") [Dkt. No. 43], filed on November 29, 2012, recommending that Respondent's Motion for Summary Judgment [Dkt. No. 27] be granted and that Petitioner Edmund Goins's ("Petitioner") Petition for Writ of Habeas Corpus [Dkt. No. 1] be dismissed with prejudice. Petitioner, a state prisoner proceeding *pro se*, filed the instant petition on January 27, 2012, pursuant to 28 U.S.C. § 2254. The Report sets forth in detail the relevant facts and legal standards on this matter, which the court incorporates herein without a recitation.

The Magistrate Judge's Report is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina. The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with this court. *See Matthews v. Weber*, 423 U.S. 261, 270-71 (1976). This court is charged with making a *de novo* determination of those portions of the Report to which specific objections are made, and the court may accept, reject, or modify, in whole or in part, the Magistrate Judge's recommendation, or recommit the matter with instructions. *See* 28 U.S.C. § 636(b)(1).

Petitioner filed timely objections to the Magistrate Judge's Report and Recommendation.

1

[Dkt. No. 49]. Objections to the Report and Recommendation must be specific. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. *See United States v. Schronce*, 727 F.2d 91, 94 (4th Cir. 1984). In the absence of specific objections to the Magistrate Judge's Report, this court is not required to give any explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

Petitioner's first two enumerated objections are based on a claim that the Magistrate Judge improperly adopted facts asserted by Respondent as opposed to those asserted by Petitioner. As a result, Petitioner claims summary judgment is inappropriate. Petitioner claims the court should accept as true his version of events because he successfully "traversed"[1] Respondent's Return pursuant to 28 U.S.C. § 2248. Section 2248 provides: "[t]he allegations of a return to the writ of habeas corpus . . . not traversed, shall be accepted as true except to the extent that the judge finds from the evidence that they are not true." 28 U.S.C. § 2248. Petitioner seems to suggest that § 2248 also requires the court to accept a petitioner's version of the facts as true in the event that the respondent fails to reply to the traverse. A plain reading of the statute does not support this construction and Petitioner provides no additional support for his interpretation of 28 U.S.C. § 2248. As a result, Petitioner's first two objections are without merit.

Petitioner's third enumerated objection asserts that the Magistrate Judge used the wrong standard in determining the constitutionality of the reasonable doubt jury instruction used at Petitioner's state court criminal trial. Petitioner further argues that the Magistrate Judge failed to assess the prejudicial impact of the allegedly erroneous jury instruction on the outcome of his

---

[1] The term "traverse" refers to a petitioner's reply to the respondent's return. 20 Am. Jur. Trials 1 § 85 (1973).

trial. *Id*. at 5-6. The challenged jury instruction reads as follows:

> Now what is a reasonable doubt? A reasonable doubt is the kind of doubt that would cause a reasonable person to hesitate to act. Now, the state has the burden of proving the defendant guilty beyond a reasonable doubt . . . . Proof beyond a reasonable doubt is proof that leaves you firmly convinced of the defendant's guilt. Now, there are very few things in this world that we know with absolute certainty. And in criminal cases the law does not require proof that overcomes every possible doubt. If based on your consideration of the evidence, you are firmly convinced that the defendant is guilty of the crime charged, you must find the defendant guilty. If on the other hand, you think there is a real possibility that the defendant is not guilty, you must give the defendant the benefit of the doubt and find him not guilty.

Memorandum of Law In Support of Petition for Writ of Habeas Corpus. [Dkt. No 1-1 at 12]. Petitioner argues that this instruction placed the burden on him to prove his innocence and that the instruction "does not provide for acquittal if the state does not prove its case beyond a reasonable doubt." *Id.* at 13.

The law regarding the proper standard of review of a challenged jury instruction is clear. The United States Supreme Court has "settl[ed] on a single standard of review for jury instructions – the 'reasonable likelihood' standard – after considering the many different phrasings that had previously been used" by the Court. *Estelle v. McGuire*, 502 U.S. 62, 73, n. 4 (1991). Under this standard the proper inquiry is "whether there is a reasonable likelihood that the jury has applied the challenged instruction in a way" that violates the Constitution. *Boyde v. California*, 494 U.S. 370, 380 (1990); *see also United States v. Williams*, 152 F.3d 294, 298 (4th Cir. 1998) (stating that "the proper inquiry in reviewing a reasonable doubt instruction is whether there is a reasonable likelihood that the jury applied the reasonable doubt standard in an unconstitutional manner.").

Here, the Magistrate Judge relied on a proper application of the appropriate standard in determining that there was not a reasonable likelihood that a juror would have misinterpreted the

instruction in a manner that placed the burden on Petitioner to establish his innocence.  For this reason, the Magistrate Judge also determined that the South Carolina Court of Appeals' decision dismissing Petitioner's appeal on the same erroneous jury instruction claim was not an unreasonable application of United States Supreme Court precedent and was not based on an unreasonable determination of the facts in light of the evidence presented.  *See* 28 U.S.C. 2254(d); *Williams v. Taylor*, 529 U.S. 362 (2000).  Since the court finds no constitutional error in the challenged jury instruction, the court need not consider the instruction's impact on the trial's outcome.

Petitioner's fourth enumerated objection similarly assumes that the reasonable doubt jury instruction was erroneous.  Petitioner cites to *Cupp v. Naughten*, 414 U.S. 141, 147 (1973) for the proposition that an "ailing instruction by itself [can] so infect[] the entire trial that the resulting conviction violates due process."  While this may be true, the court has determined that the jury instruction was not erroneous.  Therefore, this objection lacks merit.

Petitioner's fifth enumerated objection states the "Magistrate [Judge] erred in finding that the error was harmless and failed to reach the cumulative analysis employed by the PCR Court's findings."[2]  Objections to the Magistrate Judge's Report and Recommendation [Dkt. No. 49, at 7].  Petitioner's harmless error argument appeared in his appeal to the South Carolina Court of Appeals and it reappeared in the memorandum supporting his petition for habeas relief.  Neither the South Carolina Court of Appeals nor the Magistrate Judge mentioned harmless error or issued a decision invoking that standard.  In any event, this argument assumes that the challenged instruction is erroneous, and because the court finds no such error, this objection has

---

[2] Petitioner does not elaborate on his assertion that the Magistrate Judge erred by failing to "reach the cumulative analysis of the PCR court" and does not explain how this alleged failure relates to the issue of the reasonable doubt jury instruction.

no merit.

In his sixth enumerated objection, Petitioner claims the Magistrate Judge erred in finding that Petitioner failed to demonstrate that his counsel was ineffective pursuant to *Strickland v. Washington,* 466 U.S. 668 (1984) and in finding that the South Carolina Court of Appeals' reversal of the PCR court's grant of post-conviction relief was not unreasonable.  The South Carolina Court of Appeals found the PCR court erred as a matter of law in determining that Petitioner was prejudiced by counsel's failure to present evidence of Petitioner's bipolar disorder.  The PCR court asserted that, had a jury been exposed to evidence of Petitioner's previous manic episodes, it might have concluded that Petitioner lacked the *mens rea* necessary to support the charge of Assault and Battery with Intent to Kill and would have instead returned a conviction for the lesser charge of Assault and Battery of a High and Aggravated Nature.  The Court of Appeals found that the PCR court's "partial responsibility analysis [was] tantamount to a recognition of the defense of diminished capacity," which is not recognized in South Carolina. *Goins v. State of South Carolina*, No. 2010-UP-339 (S.C. Ct. App. July 29, 2010) [Dkt. No. 26-17]. Given the South Carolina Court of Appeals' finding, Petitioner's claim that "the results of the proceeding could have been different had counsel presented Petitioner's mental incompetency to the jury" lacks merit.  Objections to the Magistrate Judge's Report and Recommendation [Dkt. No. 49, at 8].  The Magistrate Judge further determined that the Court of Appeals' reversal of the PCR court's grant of post-conviction relief was not "so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fair-minded disagreement."  Report and Recommendation (quoting *Harrington v. Richter*, 131 S. Ct. 770, 787 (2011)) [Dkt. No. 43, at 17].  Petitioner's objections have not persuaded the court that the Magistrate Judge's determination is incorrect.

5

Finally, Petitioner claims that the Magistrate Judge erred in not holding an evidentiary hearing to "explore the fact that counsel's failure to present Petitioner's mental state to the jury was so prejudicial that it infected the outcome of the proceeding in placing the jurors in a predisposition that Petitioner was mentally stable, conscious and a dangerous person." Objection to the Magistrate Judge's Report and Recommendation. [Dkt. No. 49, at 10]. As discussed above, the South Carolina Court of Appeals determined that Petitioner was not prejudiced as a matter of law by counsel's failure to present evidence of Petitioner's bipolar disorder, and the Magistrate Judge found that determination was not unreasonable. As a result, no additional fact-finding was necessary for the Magistrate Judge to reach her decision.

## CONCLUSION

Upon a careful consideration of the record before the court, the court **ACCEPTS** the Magistrate Judge's Report and Recommendation and incorporates it herein by reference. It is hereby **ORDERED** that Respondent's Motion for Summary Judgment [Dkt. No. 27] is **GRANTED** and Petitioner's Petition for Writ of Habeas Corpus [Dkt. No. 1] is **DISMISSED** with prejudice.

## Certificate of Appealability

The law governing certificates of appealability provides that:

> (c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies this standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v.*

*Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met.

**IT IS SO ORDERED.**

*J. Michelle Childs*

United States District Judge

February 21, 2013
Greenville, South Carolina